**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELEVANCE HEALTH, INC.<br><br>             Plaintiff,<br><br>   v.<br><br>SHANE HOCHRADEL,<br><br>             Defendant. | Case No. 1:26-cv-01200-MPB-MKK |

**CASE MANAGEMENT PLAN**

I.      <u>Parties and Representatives</u>

      A.     Plaintiff: Elevance Health, Inc.

             Defendant: Shane Hochradel

      B.     Kandi Kilkelly Hidde, #18033-49
             Patricia Román Hass, #29461-45
             Cameron S. Trachtman, #36387-49
             FBT Gibbons LLP
             111 Monument Circle, Suite 4500
             P.O. Box 44961
             Indianapolis, IN  46244-0961
             Telephone:    (317) 237-3800
             Facsimile:    (317) 237-3900
             Email:       khidde@fbtgibbons.com
                          promanhass@fbtgibbons.com
                          ctrachtman@fbtgibbons.com

             *Attorneys for Elevance Health, Inc.*

             Blake J. Burgan, Atty. No. 18350-49
             Melissa A. Macchia, Atty. No. 29920-49
             Julia E. Powers, Atty. No. 39061-49
             TAFT STETTINIUS & HOLLISTER LLP
             One Indiana Square, Suite 3500
             Indianapolis, IN 46204
             (317) 713-3500 – phone
             (317) 713-3699 – fax
             bburgan@taftlaw.com

mmacchia@taftlaw.com
jpowers@taftlaw.com

*Attorneys for Shane Hochradel*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.   <u>**Jurisdiction and Statement of Claims**</u>

A.   The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

**Elevance Health's Position on Jurisdiction**:
This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity among the parties exists and the amount in controversy exceeds $75,000.

**Shane Hochradel's Position on Jurisdiction:**
Defendant denies that Plaintiff is entitled to the relief it seeks but admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity among the parties exists and the amount in controversy exceeds $75,000.

B.   **Elevance Health's Statement of Claims**: This is an action for damages brought by Elevance Health, an Indiana-based business, against Shane Hochradel, a former Elevance Health senior executive, for breach of contract arising from Mr. Hochradel's violation of the non-competition provisions contained in his employment agreement, executive agreement, and stock agreements with Elevance Health. From January 2026 until his resignation in May 2026, Mr. Hochradel served as Elevance Health's Chief Execution Officer and, before that, Mr. Hochradel served as its Chief Operations Officer for Health Solutions, roles in which he had access to Elevance Health's confidential provider relationships, pricing and contracting strategies, and multi-year artificial intelligence, operations, and technological transformation strategy. Despite his contractual obligation not to accept a competitive position with a competitor for twelve months after leaving Elevance Health, Mr. Hochradel accepted and began a position as Chief Operations Officer of Alignment Healthcare, Inc., Elevance Health's direct competitor in the Medicare Advantage market, without Elevance Health's prior written consent and without providing notice to Elevance Health as required by the applicable agreements.

C.   **Shane Hochradel's Statement of Claims**: Mr. Hochradel denies Elevance's claims. First, the non-competition provisions that Elevance seeks to enforce are overly broad and unenforceable as written. The scope of such provisions operates to restrict Mr. Hochradel from employment in the broader health care industry, including managed care, health insurance, pharmacy benefits, behavioral health, digital health platforms,

2

and "any other aspects of the business or products or services offered by [Elevance]" to which Mr. Hochradel had responsibilities or received confidential information as defined in the Agreements. Functionally, these provisions would prevent Mr. Hochradel from working in areas within the health care sector in which Mr. Hochradel had no responsibilities, no direct access to confidential information, and to which he had no meaningful connection while employed at Elevance. This is far broader than what is permitted under Indiana law. Second, aside from the overbreadth of the non-competition provisions, Mr. Hochradel has not violated the agreements at issue. Mr. Hochradel's current employer is a Medicare Advantage organization that does not compete with Elevance in numerous business lines in which Elevance operates and about which Mr. Hochradel may have incidentally acquired information. In fact, his current employer is an active customer of Elevance in many areas. To the extent a competitive overlap exists at all, it is limited to the Medicare Advantage space only. Mr. Hochradel is not "competing" with Elevance simply because he joined a company that happens to share one discrete business line with his former employer. Further, Mr. Hochradel's current role is neither a "Competitive Position" nor a "Restricted Activity" within the meaning of the agreements at issue. Prior to his departure, Mr. Hochradel worked as Elevance's Chief Execution Officer which focused on the implementation of artificial intelligence and technological advances. With his new employer, Mr. Hochradel is employed as Chief Operations Officer. This position focuses on the *internal* operations of the company and does not require Mr. Hochradel to utilize or leverage any specific knowledge he gained of Elevance's enterprise-specific confidential information. Mr. Hochradel's current role at a much smaller, Medicare Advantage-focused managed care organization is materially different from the enterprise-wide technology functions that were at the core of his role with Elevance. Accordingly, Elevance's claims have no merit and Mr. Hochradel will likely move for summary judgment on such claims.

### III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 5, 2026**.

B.    Plaintiff shall file preliminary witness and exhibit lists on or before **October 12, 2026**.

C.    Defendant shall file preliminary witness and exhibit lists on or before **October 19, 2026**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **November 5, 2026**.

E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **November 5, 2026**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

3

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 7, 2027**.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 7, 2027**; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **July 5, 2027**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 4, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **August 5, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI"). The parties do not believe that a substantial volume of ESI will be produced in the case. The parties anticipate seeking discovery concerning Defendant's communications with Alignment Healthcare, Inc. regarding his employment there, documents related to Defendant's roles as Chief Operations Officer for Health Solutions and Chief Execution Officer at Elevance Health, the confidential information accessible to Defendant in those roles, Defendant's equity awards and the calculation of his stock excess value, and Defendant's compliance or non-compliance with the notification and non-competition provisions of the agreements. Unless otherwise

agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format, with metadata.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Elevance Health intends to file a motion for summary judgment concerning whether Defendant breached the non-competition provisions of his agreements with Elevance Health by accepting a competitive position with a competitor without prior written consent, as required by such agreements, and without

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

providing the required notice to Elevance Health. These are questions of law that should properly be resolved by the Court.

Mr. Hochradel may file a motion for summary judgment on the grounds that he has not breached the non-competition provisions of his agreements by accepting subsequent employment. Mr. Hochradel's current employer is not a competitor of Elevance and the current role in which Mr. Hochradel serves is not a competitive position. Such issues are questions of law which are properly resolved by the Court on a motion for summary judgment.

B.     On or before **April 12, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

___X___ Track 2: Dispositive motions are expected and shall be filed by **May 5, 2027**; non-expert witness discovery and discovery relating to liability issues shall be completed by **April 5, 2027**; expert witness discovery and discovery relating to damages shall be completed by **September 7, 2027**.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.      Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in March 2027.**

**VI.     Trial Date**

The parties request a trial date in <u>February 2028</u>.  The trial is by <u>Court</u> and is anticipated to take <u>three (3)</u> days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.    Referral to Magistrate Judge**

A.      **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.      **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

A.      **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.   If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

None.

TAFT STETTINIUS & HOLLISTER LLP

By: *Blake J. Burgan* ___
Blake J. Burgan, Atty. No. 18350-49
Melissa A. Macchia, Atty. No. 29920-49
Julia E. Powers, Atty. No. 39061-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317) 713-3500 – phone
(317) 713-3699 – fax
bburgan@taftlaw.com
mmacchia@taftlaw.com
jpowers@taftlaw.com

*Counsel for Defendant Shane Hochradel*

FBT GIBBONS LLP

By: */s/ Patricia Román Hass*
Kandi Kilkelly Hidde, #18033-49
Patricia Román Hass, #29461-45
Cameron S. Trachtman, #36387-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:   (317) 237-3800
Facsimile:   (317) 237-3900
Email:       khidde@fbtgibbons.com
             promanhass@fbtgibbons.com
             ctrachtman@fbtgibbons.com

*Attorneys for Elevance Health, Inc.*

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AS AMENDED AND SO ORDERED.**

Date: 8/5/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

9